UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  22-14054-CR-CANNON/MAYNARD
22-14048-CR-CANNON/MAYNARD

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

vs.

**DUSTIN SINGLETON,**

    **Defendant.**

_____/

**DEFENDANT DUSTIN SINGLETON'S MOTION TO REOPEN EVIDENTIARY HEARING ON HIS MOTION TO SUPPRESS EVIDENCE**

Defendant, DUSTIN SINGLETON, ["Mr. Singleton"], by and through the undersigned counsel and pursuant to 28 U.S.C. § 636, Rule 16, Fed. R. Crim. P., Rule 88.9, S.D. Fla. L.R., the Due Process Clause of the Fifth Amendment, and this Court's discretionary authority, respectfully moves the Court for its Order reopening the evidentiary hearing on his Motion to Suppress Evidence**.**  In support hereof, Mr. Singleton asserts:

**BACKGROUND**

On April 29, 2022 Martin County Sheriff's Office detectives (Garrett Lott and Tyler Ludlow) conducted a traffic stop in Martin County of Mr. Singleton's vehicle for an alleged window tint violation.  Based on a purported plain view of a pair of brass knuckles on the center console of the vehicle, an alleged statement by Mr. Singleton that there was a large knife on the right rear passenger floorboard belonging to a person who asked him to etch it[1], and an unverified NCIC "hit" out of Connecticut, Mr. Singleton was requested to exit the vehicle for a warrantless protective search for weapons pursuant to *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469 (1983).  Both Detectives Ludlow and Lott took photographs with their personal cell phones of evidence at the scene as well as evidence later displayed at the Martin County Sheriff's Office.  Although Detective Ludlow provided one or two of the photographs he took to

---

[1] Mr. Singleton is a self-employed tattoo artist.

Lott and allegedly provided all of these photographs as the result of a public records request the week before the suppression hearing, defense counsel only received in discovery from Ludlow's personal cell phone the one or two photographs Ludlow had provided to Lott and was not aware that there were any more photographs of the evidence in this case.

After this Court held a two-day, eleven hours plus evidentiary hearing on Mr. Singleton's motion to suppress evidence, Detective Ludlow admitted that he had evidentiary photographs on his personal cell phone that had not been provided to defense counsel. These photographs, in whole or in part, are materially relevant to the key issues in Mr. Singleton's suppression motion and part of his defense theory and they were not available for review and analysis prior to the filing of Mr. Singleton's Motion To Suppress Evidence With Memorandum of Law filed December 20, 2022, his Reply To United States' Response To Defendant's Motion to Suppress Evidence filed January 17, 2023, or even as late as the suppression hearing on January 23 and 24, 2023. As a result, this photographic evidence was not available for the timely preparation of Mr. Singleton's defense in this case.

Mr. Singleton filed Defendant Dustin Singleton's Motion To Compel Discovery; To Request Forensic Extraction And Analysis Of Photographs Taken By MCSO Law Enforcement Detectives Garrett Lott And Tyler Ludlow On Their Personal Cell Phones Of Evidence In This Case; And To Have This Court Review All Photographs *In Camera* And Determine Which Are Relevant To The Investigation And This Cause ("Motion to Compel Discovery"). The Government filed a response agreeing that Mr. Singleton was entitled to the photographs but objecting to an independent forensic examination of Ludlow's and Lott's personal cell phones. Mr. Singleton filed his reply. As part of its response, the Government mentioned that it was obtaining Cellebrite reports for these phones. Without consulting with defense counsel or contacting this Court, the Government had a detective with Martin County Sheriff's Office, Detective Killough, perform Cellebrite extractions on Ludlow's and Lott's personal cell phones.

This Court rendered a paperless order on or about January 31, 2023 requiring the Government to file a supplemental response addressing Cellebrite reports in general, explaining how they relate to the issues surrounding the late-disclosed photographs, and establishing a timeline for each photograph. Defense counsel received the Lott Cellebrite report from the Government after hours on January 30, 2023. Defense counsel received the Ludlow Cellebrite report from the Government mid-afternoon on February 2, 2023.

By paperless order dated February 2, 2023, this Court ordered a limited-in-scope evidentiary hearing set for February 3, 2023 for the sole purpose of a credibility determination of Detective Ludlow's testimony and the circumstances surrounding the late discovery of the evidentiary photographs on his personal cell phone.  On February 13, 2023 this Court rendered its Report and Recommendations on Defendant's Motion to Compel recommending that Mr. Singleton's motion be denied to which Mr. Singleton timely filed his objections on February 17, 2023.  On February 27, 2023, the district court rendered its Order Adopting Report and Recommendation thereby denying Mr. Singleton's Motion to Compel.

Mr. Singleton's subsequent Amended Motion to Reopen the Evidentiary Hearing on the Motion to Compel Discovery was denied on February 28, 2023.  On the same day, the Court granted Mr. Singleton's Motion for Clarification of Court Orders and clarified that Mr. Singleton "may move to reopen the suppression hearing if deemed necessary to address the late-disclosed photographs and all related reports – including the Cellebrite reports – as they pertain to the overall defense theory of the case."

The matter which is now before this Court is Mr. Singleton's motion to reopen the evidentiary hearing on his Motion to Suppress Evidence to take additional testimony and evidence regarding the late-provided photographs and the Cellebrite extractions and reports.

## STATEMENT OF FACTS

1. On February 28, 2023, the Court rendered simultaneous paperless Orders in Case No. 22-14054-CR-Cannon/Maynard and Case No. 22-14048-CR-Cannon/Maynard.

2. The first paperless Order denied Amended Motion to Reopen Evidentiary Hearing on Motion to Compel Discovery **[Exh. "A", Paperless Order Denying Defendant's Amended Motion to Reopen Evidentiary Hearing on Motion to Compel Discovery, 02/28/2023].**

3. The second Order granted Defendant's Motion for Clarification of Court Orders. **[Exh. "B", Paperless Order Granting Defendant's Motion for Clarification of Court Orders, 02/28/2023].**

4. The Court clarified in these orders that Mr. Singleton "may move to reopen the suppression hearing if deemed necessary to address the late-disclosed photographs and all related

3

reports – including the Cellebrite reports – as they pertain to the overall defense theory of the case." **[Exh. "A"; "B", Paperless Orders, 02/28/2023].**

5. Defense digital forensic cell phone expert, Mr. Richard D. Connor, Jr., has reviewed the MCSO Cellebrite Extraction Reports for the personal cell phones of Detectives Lott and Ludlow and executed his Affidavit thereon. **[Composite Exh. "C", Mr. Connor's Affidavit, CV, and the MCSO Cellebrite Extraction Reports for Detectives Lott and Ludlow].**

**ARGUMENT INCORPORATING MEMORANDUM OF LAW**

**THIS COURT SHOULD REOPEN THE EVIDENTIARY HEARING ON MR. SINGLETON'S MOTION TO COMPEL DISCOVERY**

**I.   The Magistrate Judge has the Jurisdiction and the Discretionary Authority to Reopen the Evidentiary Hearing on Mr. Singleton's Motion to Suppress Evidence.**

The Magistrate Judge has the jurisdiction and the discretionary authority to reopen a pretrial evidentiary hearing to take and to consider additional evidence. 28 U.S.C. § 636; *United States v. Wright*, Case No. CR419-149, 2022 WL 2820111 *2 (S.D. Ga. July 19, 2022)(a magistrate judge may "receive further evidence" regarding a suppression motion before a district judge's final disposition of the motion "without any special justification."). The *Wright* court relied on *United States v. Hayden*, 759 F.3d 842, 846 (8th Cir. 2014) which reasoned that this is so because the district court has discretion to receive new evidence under 28 U.S.C. § 636(b)(1) without any special justification while conducting *de novo* review of a magistrate judge's report and recommendation, [citation omitted]; "we think it follows *a fortiori* that a magistrate judge likewise may receive new evidence before presenting a final report and recommendation to the district court."

In a different context involving an award of attorneys' fees following two contempt orders, the Eleventh Circuit Court of Appeals stated that if any material facts regarding the amount of services rendered are disputed, then the magistrate judge must hold an evidentiary hearing in order to receive additional evidence related to the disputed matter. *In re Holywell Corp.*, 967 F.2d 568 (11th Cir. 1982). In *Holywell*, the district court correctly ordered the

appellants to pay the costs and reasonable attorneys' fees arising from the two contempt orders. In an April 30, 1990 order, the district court referred the case to a magistrate judge for the calculation of the costs and attorneys' fees to be awarded. *In re Holywell*, 967 F.2d at 570. On September 22, 1990, the magistrate judge submitted his report and recommendation and the district court approved the magistrate judge's determination of fees and costs. *Id.* The appellants argued: (1) that the district court failed to review properly the attorneys' fees awards; (2) the magistrate judge erred by not taking additional testimony and/or evidence in an evidentiary hearing following their objections to the magistrate judge's report and recommendation; and (3) the magistrate judge erred by not making explicit findings on each of the factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *In re Holywell*, 967 F.2d at 570-71. Although the first and third arguments were without merit, the Eleventh Circuit did focus on the issue of the magistrate judge not taking additional testimony and/or evidence in another evidentiary hearing. *In re Holywell*, 967 F.2d at 571. Although the Eleventh Circuit stated that there is no need to hold an evidentiary hearing if there is a dispute of opinions on matters as to which the courts possess expertise, that "it cannot be gainsaid that if any material facts regarding the amount of services rendered are disputed, then the magistrate judge must hold an evidentiary hearing in order to receive additional evidence related to the disputed matter." *Id.* (citation omitted). After a careful review, the Eleventh Circuit held that in the circumstances of this particular case on attorneys' fees and costs, additional hearings were not necessary as the resolution of issues regarding hourly rates and total hours billed are generally within the trial court's discretion. *Id.* Trial courts possess particular expertise when it comes to reasonable attorneys' fees and costs. Not so for cell phone forensics and Cellebrite reports.

II.     **Mr. Singleton's Motion to Reopen the Suppression Hearing is Timely.**

Mr. Singleton is bringing this motion timely and with due diligence. Neither this Court nor Mr. Singleton knew with any meaningful advance warning that the Government would elect to have a MCSO detective, Detective Killough, run Cellebrite extractions on the personal cell phones of Ludlow and Lott. In fact, this Court was forced to enter a paperless order as late as January 31, 2023 in order to have the Government give some explanation of Cellebrite reports in general and how they relate to Ludlow's late-provided photographs. This is not a matter where Mr. Singleton had the Cellebrite reports at the time of the two-day suppression hearing and failed to raise the issue. Mr. Singleton has had no other opportunity to cross-examine the MCSO

5

detectives in regard to the late-provided photographs and reports, including Cellebrite reports, due to the limited scope of the February 3, 2023 evidentiary hearing that was confined to a determination of Detective Ludlow's credibility.

This Court should also consider the posture of this case which is pre-trial as well as pre-report and recommendation on Mr. Singleton's motion to suppress evidence. The restrictions and limitations on reopening suppression hearings after orders adopting reports and recommendations or after trial do not apply in this case.

### III. The Additional Evidence to be Taken is Expected to Affect This Court's View of the MCSO Cellebrite Reports.

No affidavit or detailed explanation of the method used in performing the MCSO Cellebrite extractions accompanied the supplemental response by the Government. There are different methods of extraction obtaining varying levels of information: logical, file system, and physical. This Court should be able to hear from the Government exactly what method was used and what level of information could be obtained from it before determining that the MCSO Cellebrite extractions and reports are accurate or that they reflect what the Government purports they show. Mr. Singleton would like an opportunity not only to confront the MCSO detective who performed these Cellebrite extractions in cross examination but also to have his own cell phone expert review these MCSO Cellebrite extraction reports and be able to offer an expert opinion to this Court on the accuracy of these reports and whether they conclusively show what they purport to show.

### IV. The Dispute Involves a Material Matter Requiring Additional Evidence.

Detective Ludlow based his determination of probable cause to search Mr. Singleton's entire vehicle over his alleged discovery of an unlabeled jar of pills supposedly next to a large knife on the right rear floorboards of Mr. Singleton's vehicle. Although he was taking photographs with his personal cell phone of the evidence, he significantly failed to take a photograph of the jar of pills as it was first seen next to the large knife in violation of his own department's standard operating procedure. There are no photographs of the knife in or on the vehicle at the scene. The much-delayed provision of a single photograph of the jar of pills in the vehicle is suspicious for a number of reasons including that there is no large knife to be seen and the photograph appears to have been staged. Since this dispute involves a material discovery

6

matter relevant to Mr. Singleton's defense, it is incumbent upon this Court to reopen the evidentiary hearing on the motion to suppress evidence so that this Court can consider additional testimony about the late-disclosed photographs as well as evidence about the Cellebrite extractions before making its final report and recommendation.

WHEREFORE, Defendant, DUSTIN SINGLETON, by and through his counsel, respectfully moves this Court to enter its Order reopening the evidentiary hearing on Defendant's Motion to Suppress Evidence.

## RULE 88.9 CERTIFICATION

I HEREBY CERTIFY that counsel have conferred in a good faith effort to resolve the issues raised in this motion.  The United States consents to a limited reopening of the suppression hearing for the sole purpose of questioning Detective Ludlow about the photographs that were disclosed.  Otherwise, the United States objects to other testimony outside that scope.  The parties do not agree on the scope of the reopening of the suppression hearing.

/s/  Edward D. Reagan

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 3, 2023, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.

EDWARD D. REAGAN, P.A.
Attorney for Defendant
658 W. Indiantown Road
Suite 209
Jupiter, FL 33458
Telephone:  (561) 832-7443

BY: /s/ EDWARD D. REAGAN, ESQ.
EDWARD D. REAGAN, ESQ.
FLORIDA BAR NO: 0028215