UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14048-CR-CANNON/MAYNARD
CASE NO. 22-14054-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DUSTIN SINGLETON,

    Defendant.
_____/

## SUPPLEMENTAL REPORT AND RECOMMENDATION

**THIS CAUSE IS** before me *sua sponte*. On February 13, 2023, I issued a Report and Recommendation recommending that Defendant's Motion to Compel Discovery be denied consistent with findings contained within the Report. DE 152 [048]; DE 87 [054].[1] On February 22, 2023, this Report was adopted by presiding U.S. District Judge Aileen M. Cannon. DE 161 [048]; DE 97 [054]. It has since come to my attention that my Report contained two points of inaccurate information. The purpose of this Supplemental Report is to correct these inaccuracies. These corrections do not alter the ultimate outcome of the Motion to Compel Discovery. Still, in the interest of clarifying and preserving the record in this case, I recommend that the updated findings contained within this Supplemental Report be **ADOPTED**.

I incorporate by reference my prior Report's background section, which outlines the general facts, charges, and relevant procedural history. Below, I will address each point of

---

[1] This Report and all related filings are filed in two separately pending but related cases. For ease of reference, citations to *U.S. v. Shaw et al.*, Case No. 22-14048-Cr-Cannon/Maynard, will be "DE __ [048]," while citations to *U.S. v. Singleton*. Case No. 22-14054-Cr-Cannon/Maynard, will be "DE __ [054]."

1

correction followed by a summary of my other reported independent findings supporting the denial of the Motion to Compel Discovery.

## POINT ONE: PHOTOGRAPHS TAKEN ON
## DETECTIVE LOTT'S PERSONAL CELLPHONE

First, I found in my Report that:

> [T]here is no issue regarding any late disclosure of photographs from Lott's cellphone. All photographs on Lott's personal cellphone were uploaded into evidence and turned over to the defense prior to the suppression hearing. Lott testified during the suppression hearing that he took the photographs on his personal cellphone using the "Axon" application and software. The photographs on the Cellebrite report of Lott's phone appear to be consistent with the evidence disclosed to the defense.

DE 152 at 7 [048]; DE 87 at 7 [054]. In recent briefing, the Government included a footnote stating that:

> Although Sergeant Lott did upload all of the photographs he took at the scene of the traffic stop using the Axon application and software, some of the photographs Sergeant Lott took at MCSO after the traffic stop and search of Singleton's vehicle was completed were not uploaded to Axon. These images are depicted in Sergeant Lott's Cellebrite extraction report and show the evidence seized from Singleton's vehicle from various camera angles.

DE 173 at 10, n. 3 [048]; DE 106 at 10, n.3 [054].

On March 6, 2023, I held a status conference at which time I asked the Government about this footnote. The Government confirmed that Lott took photos after the traffic stop and at the Martin County Sheriff's Office depicting contraband laid out as evidence on display there. DE 183 at 11 [048]; DE 113 at 11 [054]. The Government advised that these additional photos were not disclosed to the defense prior to the suppression hearing. In fact, they were not disclosed to the defense until after the suppression hearing when the Government provided the Cellebrite report of Lott's phone in response to Defendant's motion to compel. And, even then, the photos were disclosed only as small thumbnail images contained within the Cellebrite report. DE 183 at 11-13 [048]; DE 113 at 11-13 [054]. At the time of the status conference, the prosecutors themselves

had not seen full sized images of the photographs. The Government offered no satisfactory reason why photographs on Lott's phone relevant to the case had not been disclosed outside of their inclusion as thumbnail images on the later-disclosed Cellebrite report. Thus, in addition to Ludlow's late disclosure of a relevant photograph, it is now clear that photos from Lott's phone were also not disclosed to Defendant in discovery prior to the suppression hearing.[2]

At the conclusion of the status conference, I ordered the Government to provide full-sized copies of all the photographs taken on Lott's phone to Defendant and to me within the next 48 hours. DE 183 at 23 [048]; DE 113 at 23 [054]. This was timely done. Thus, although my Report inaccurately indicated that all of Lott's photos had been turned over to the defense prior to the suppression hearing, the Government has since conceded that this was not entirely accurate. I have since directed the Government to disclose full-sized copies of all the photographs on Lott's phone to coincide with all the thumbnail images contained within the Cellebrite report.

## POINT TWO: "DELETED" COLUMN ON CELLEBRITE REPORT

Second, in my Report, I noted that "[t]he column labeled 'Deleted' [in the Cellebrite reports] show no images were deleted during the time frame in question." DE 113 at 7 [048]; DE 87 at 7 [054]. My Report found "the absence of any sign of deleted images" to be key in distinguishing a civil case cited by Defendant wherein a party had admittedly deleted relevant text messages. DE 113 at 7-8 [048]; DE 87 at 7-8 [054] (citing and discussing *Measured Wealth Priv. Client Grp., LLC v. Foster*, No. 20-80148-Civ-Singhal/Matthewman, 2021 WL 309033, (S.D. Fla. Jan. 29, 2021)).

---

[2] My Report contemplated this possibility in noting that "[i]f defense counsel's review of the images on the Cellebrite report show photographs not yet received in discovery, Defendant may file an appropriate renewed motion to compel referencing the specific images at issue." DE 152 at 6 [048]; DE 87 at 6 [054].

Following the issuance and adoption of my Report, Defendant provided the affidavit of a seasoned cell phone expert, Mr. Richard D. Connor, Jr. Mr. Connor avers that "[i]t is not possible to tell if either phone took a picture which was then deleted from the Cellebrite reports. The reports contain existing pictures, not deleted pictures." DE 171-1 at 8 ¶ 6 [048]; DE 104-1 at 8 ¶ 6 [054]. At the March 6, 2023 status conference before me, the Government noted its agreement with this statement by Mr. Connor. DE 113 at 20 [048]; DE 87 at 20 [054]. The Government agreed "that neither one of those Cellebrite reports can tell you definitively whether any photographs were deleted from either Sergeant Lott's or Detective Ludlow's cellphones." DE 113 at 20 [048]; DE 87 at 20 [054]. In light of these stipulated assertions, I withdraw my prior finding that the "Deleted" column on the Cellebrite reports showed that no images were deleted during the time frame in question.

### OTHER INDEPENDENT REASONS SUPPORT THE DENIAL OF THE MOTION TO COMPEL

My Report includes other independent reasons to support denial of the motion to compel. Importantly, as explained in my Report, I found Ludlow's testimony regarding the late disclosure of photographs on his personal cellphone to be generally consistent with his prior testimony at the suppression hearing and found his explanation credible, considering among other things "his actions taken to address the situation" and cure the honest and inadvertent mistake. DE 152 at 9-12 [048]; DE 87 at 9-12 [054]. There has been no affirmative showing that either Lott or Ludlow, or the Government by extension, have acted with any nefarious intent.

Overall, while I certainly do not condone the slipshod course of events leading to the Government's late disclosure of relevant photographs which has generated extensive protraction of these criminal proceedings and the need to reopen the suppression hearing, I find that Defendant is not entitled to the compelled forensic examination of Lott and Ludlow's phones. A continued

4

suppression hearing is scheduled for April 4, 2023, and an Order with additional details about the scope of that hearing is forthcoming. Under the circumstances, the Government's discovery violation cannot be found to substantially prejudice Defendant's ability to adequately and thoroughly prepare his defense for trial. *Cf. U.S. v. Noe*, 821 F.2d 604, 607 (nondisclosure of a tape recording was reversible error because it "attacked the very foundation of the defense strategy"); *U.S. v. Rodriguez*, 799 F.2d 649, 654 (11th Cir. 1986) (Nondisclosure of documents was reversible error because the defendant did not have the opportunity to prepare to meet the evidence).

## RECOMMENDATION

Based on the foregoing, I respectfully recommend that the presiding U.S. District Judge **ADOPT** the findings contained within this Supplemental Report in the interest of clarifying and preserving the record in this case.

## NOTICE OF RIGHT TO OBJECT
## AND SHORTENED OBJECTIONS PERIOD

In light of the swiftly approaching trial date and in the interest of furthering the important goal of the speedy administration of criminal justice, I find that a prompt resolution of this Supplemental Report is appropriate. As such, I find it necessary and appropriate to shorten the time for any objections pursuant to Southern District of Florida Magistrate Judge Rule 4(a). Accordingly, the parties shall have **FIVE (5) DAYS** from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Aileen M. Cannon in Case No. 22-14048-Cr-Cannon and with U.S. District Judge Jose E. Martinez in Case No. 22-14054-Cr-Martinez. *See* 28 U.S.C. § 636(b)(1)(C); S.D. Fla. Mag. J. R. 4(a). Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties

from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).  **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within THREE (3) DAYS of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 17th day of March, 2023.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE