UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  22-14054-CR-CANNON/MAYNARD
22-14048-CR-CANNON/MAYNARD(s)(s)(s)

UNITED STATES OF AMERICA,

        **Plaintiff,**

v.

DUSTIN SINGLETON,

        **Defendant.**
_____/

### UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

The United States of America, by and through the undersigned Assistant United States Attorney, hereby responds to the Objections to the Presentence Investigation Report ("PSI") submitted by the defendant, Dustin Singleton ("Singleton").

### BACKGROUND

On August 25, 2022, a federal grand jury in the Southern District of Florida returned an Indictment charging Singleton with possession with intent to distribute a mixture and substance containing a detectible amount of methamphetamine (Count One), possession of a firearm in furtherance of a drug trafficking crime (Count Two), and possession of a firearm and ammunition as a convicted felon (Count Three). *United States v. Dustin Singleton*, 22-cr-14054-AMC (S.D. Fla.) (Doc. No. 3.)

On April 27, 2023, a federal grand jury in the Southern District of Florida returned a Third Superseding Indictment, in a separate case, charging Singleton with production of visual depictions involving the sexual exploitation of minors (Counts One, Two, Four, Five, Six, and

Seven), and possession of visual depictions involving the sexual exploitation of minors (Counts Three and Eight). *United States v. Dustin Singleton*, 22-cr-14048-AMC (S.D. Fla.) (Doc. No. 234.)

On May 2, 2023, Singleton pled guilty to Counts One and Three of the Indictment in *United States v. Dustin Singleton*, 22-cr-14054-AMC, and Counts One, Two, and Five of the Third Superseding Indictment in *United States v. Dustin Singleton*, 22-cr-14048-AMC,[1] pursuant to written plea agreements with the United States.

In *United States v. Dustin Singleton*, 22-cr-14054-AMC, the United States and Singleton agreed to "jointly recommend that the Court impose a total sentence of fifteen years' imprisonment, consisting of fifteen years on Count One and ten years on Count Three, to be served concurrently to each other." (Doc. No. 163 at ¶ 8.)

In *United States v. Dustin Singleton*, 22-cr-14048-AMC, the United States and Singleton agreed to "jointly recommend that the Court impose a total sentence of thirty years' imprisonment, consisting of 30 years on Counts One, Two, and Five, to be served concurrently to each other." (Doc. No. 244 at ¶ 15.)

The United States and Singleton further agreed to recommend that the Court run the sentences imposed in each case concurrent to each other. *United States v. Dustin Singleton*, 22-cr-14054-AMC (Doc. No. 163 at ¶ 9); *United States v. Dustin Singleton*, 22-cr-14048-AMC (Doc. No. 244 at ¶ 16.)

---

[1] Each count of the Third Superseding Indictment Singleton pled guilty to involved a different victim.

Singleton's sentencing hearing is scheduled for August 18, 2023. The Probation Office prepared one Presentence Investigation Report that encompasses both cases. According to the PSI, Singleton has a Total Offense Level of 43 and criminal history category of I, which yields an advisory sentencing guideline range of life imprisonment. (PSI at ¶¶ 111, 119, 162.)[2]

Singleton's total offense level includes several guideline enhancements. With respect to Victim JG (hereinafter "Victim 1") in *United States v. Dustin Singleton*, 22-cr-14048-AMC, Singleton received a two-level enhancement under Section 2G2.1(b)(1)(B) of the Guidelines because the offense he pled guilty to involved a minor under the age of sixteen, a four-level enhancement under Section 2G2.1(b)(2)(B) because the offense involved the commission of a sexual act and conduct described in 18 U.S.C. § 2241(a) or (b), a four-level enhancement under Section 2G2.1(b)(4)(A) because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, and a two-level enhancement under Section 3B1.1(c) because he was an organizer, leader, manager, or supervisor in the criminal activity charged in Count One of the Third Superseding Indictment. (PSI at ¶¶ 80-82, 84.)

With respect to Victim JD (hereinafter "Victim 2"), Singleton received a two-level enhancement under Section 2G2.1(b)(2)(A) because the offense involved the commission of a sexual act or sexual contact, and a two-level enhancement under Section 3B1.1(c) because he was an organizer, leader, manager, or supervisor in the criminal activity charged in Count Three of the Third Superseding Indictment. (PSI at ¶¶ 88, 90.)

---

[2] The statutory maximum allowable sentence for Counts One, Two, and Five in *United States v. Dustin Singleton*, 22-cr-14048-AMC, is 30 years' imprisonment per count. The statutory maximum allowable sentence for Count One in *United States v. Dustin Singleton*, 22-cr-14054-AMC, is 20 years' imprisonment, and the statutory maximum allowable sentence for Count Three is 10 years' imprisonment.

With respect to Victim AG (hereinafter "Victim 3"), Singleton received a two-level enhancement under Section 2G2.1(b)(2)(A) because the offense involved the commission of a sexual act or sexual contact, and a two-level enhancement under Section 3B1.1(c) because he was an organizer, leader, manager, or supervisor in the criminal activity charged in Count Five of the Third Superseding Indictment. (PSI at ¶¶ 94, 96.)

On June 27, 2023, Singleton filed Objections to the PSI. *United States v. Dustin Singleton*, 22-cr-14054-AMC (Doc. No. 171); *United States v. Dustin Singleton*, 22-cr-14048-AMC (Doc. No. 258.)[3]

In summary, Singleton raises the following objections to the PSI:

First, Singleton objects to Paragraphs 67 and 69 of the PSI. Singleton claims the precise number of images of child pornography he possessed (5,182) does not impact his guideline range, and should therefore be excluded from the PSI.

Second, Singleton objects to the two-level enhancement he received in Paragraph 90 of the PSI for being an organizer, leader, manager, or supervisor in the criminal activity charged in Count Two of the Third Superseding Indictment.

Third, Singleton objects to the two-level enhancement he received in Paragraph 96 of the PSI for being an organizer, leader, manager, or supervisor in the criminal activity charged in Count Five of the Third Superseding Indictment.

Fourth, Singleton objects to the multiple count adjustment he received in Paragraph 105 of the PSI based on Section 3D1.4.

Fifth, Singleton objects to Paragraph 163 of the PSI, which states that his guideline range is life imprisonment.

---

[3] Singleton filed identical objections in both cases.

Sixth, Singleton objects to Paragraph 169 of the PSI because it fails to reflect that the mandatory $5,000 special assessment for each count of conviction in *United States v. Dustin Singleton*, 22-cr-14048-AMC, only applies to "non-indigent" defendants.

## ANALYSIS

The government bears the burden of establishing the facts necessary to support a sentencing enhancement by a preponderance of the evidence. *United States v. Dimitrovski*, 782 F.3d 622, 628 (11th Cir. 2015).

**A.    The number of images of child pornography Singleton possessed was properly included in the PSI.**

It is well established that district courts are entitled to consider a wide range of information when fashioning an appropriate sentence under 18 U.S.C. § 3553(a). *See, e.g.*, 18 U.S.C. § 3661 ("*No limitation* shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.") (emphasis added). As the Supreme Court explained in *Pepper v. United States*, by way of Section 3661 Congress "expressly preserved the traditional discretion of sentencing courts to conduct an inquiry broad in scope, largely unlimited either as to the kind of information [they] may consider, or the source from which it may come." 131 S.Ct. 1229, 1240 (2011) (internal marks and citation omitted). District courts are even authorized to consider acquitted conduct at sentencing. *See, e.g., United States v. Faust*, 456 F.3d 1342, 1347-48 (11th Cir. 2006).

Singleton does not dispute that he possessed 5,182 images of child pornography as set forth in the PSI; rather, he claims this information is somehow irrelevant because it does not impact his guideline range. The United States does not seek to limit the information available to the Court at sentencing, or presume what information the Court might deem relevant. The PSI in this case,

5

as in all cases, was prepared by the United States Probation Office, "an arm of the United States District Court[,]" and not the United States Attorney's Office. *United States v. Reyes*, 283 F.3d 446, 455 (2nd Cir. 2002) (internal marks and citation omitted; emphasis added). At the end of the day, it is the Court, and not the United States, that is tasked with fashioning an appropriate sentence in this case.[4]

The number of images of child pornography Singleton possessed was properly included in the PSI, and Singleton has failed to articulate a cognizable basis for striking this information from the PSI.

**B.      Role enhancement under Section 3B1.1(c) as to Victim 2.**

The United States agrees that a two-level enhancement for being an organizer, leader, manager, or supervisor in the criminal activity charged in Count Two of the Third Superseding Indictment is not warranted under the present set of circumstances.

**C.      Role enhancement under Section 3B1.1(c) as to Victim 3.**

Section 3B1.1 of the Guidelines directs courts to apply a two-level increase to the defendant's base offense level "[i]f the defendant was an organizer, leader, manager, or supervisor in [the] criminal activity [for which the defendant is held accountable]." USSG § 3B1.1(c). "[T]he assertion of control or influence over only one individual is enough to support a § 3B1.1(c) enhancement." *United States v. Jiminez*, 224 F.3d 1243, 1251 (11th Cir. 2000); *see also* USSG § 3B1.1 cmt. n.2 ("To qualify for an adjustment under this section, the defendant must have been

---

[4] The United States agrees with Singleton that the number of images of child pornography he possessed has no impact on his advisory guideline range. *Cf.* Fed. R. Crim. P. 32(i)(3)(B) ("At sentencing, the court: must--for any disputed portion of the presentence report or other controverted matter--rule on the dispute *or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing*[.]) (emphasis added).

6

the organizer, leader, manager, or supervisor of one or more other participants."). "Participant" is defined as "a person who is criminally responsible for the commission of the offense[.]" *Id.*, cmt. n.1.

Factors the court should consider in determining whether the defendant qualifies for the § 3B1.1(c) role enhancement include: (1) the exercise of decision-making authority; (2) the nature of participation; (3) the recruitment of accomplices; (4) the claimed right to a larger share of the fruits of the crime; (5) the degree of participation in planning or organizing the offense; (6) the nature and scope of the illegal activity; and (7) the degree of control and authority exercised over others. USSG § 3B1.1, cmt. n.4. Although the Guidelines Commentary speaks in terms of distinguishing leadership roles from "mere management" or supervisory roles, the Eleventh Circuit has approved using the same factors to evaluate whether a defendant occupied a managerial or supervisory role. *United States v. Reyes*, 781 Fed.Appx. 965, 970 (11th Cir. 2019). "There is no requirement that all of these factors must be present; they are merely considerations for the sentencing judge." *United States v. Escudero*, 761 Fed.Appx. 949, 953 (11th Cir. 2019) (internal marks and citation omitted).

At bottom, Section 3B1.1(c) is triggered when a preponderance of the evidence establishes that the defendant exerted some control, influence or decision-making authority over another participant in the criminal activity.

Against this backdrop, the United States submits the evidence and testimony at Singleton's sentencing hearing will establish, by a preponderance of the evidence, that he was an organizer, leader, manager, or supervisor in the criminal activity charged in Count Five of the Third Superseding Indictment. Specifically, the United States anticipates the evidence and testimony at Singleton's sentencing hearing will establish the following:

7

Records from both Singleton's iPhone (TL107) and Snapchat show text and audio Snapchat messages between Singleton and 13-year-old JG (hereinafter "Victim 1"), discussing her previous tattoo, prices for a new tattoo, and her being picked up. Victim 1 provided her address to Singleton, on December 12, 2021, at 8:59 p.m., and again on January 30, 2022, at 9:20 p.m. Victim 1 advised Singleton she needed to sneak out of her house to meet him, on January 30, 2022, at 9:48 p.m.. A few hours later, on January 31, 2022, at 12:39 a.m., Singleton informed Victim 1 that, "My Nephew coming as soon as I'm done with this tattoo." A little over an hour later, at 1:43 a.m., Singleton again states, "In 30 minutes I'll be done with this tattoo and my nephew will be on his way." A few hours later, in his "inkBoyz" tattoo shop, Singleton produced videos of child pornography of himself, co-defendant Elijah Shaw ("Shaw"). and Victim 1, on January 31, 2022, which continued for over a span of six hours.

During an interview with investigators, Shaw admitted his involvement, and that Singleton instructed him to pick up Victim 1 and bring her to the tattoo shop. Shaw stated there was methamphetamine in the pipe Victim 1 was smoking at the shop, after being shown a still image from one of the videos.

Similarly, in Singleton's iPhone (TL107), there are instant messages with Shaw, whose contact information is listed as "Gonzo-Assistant." On February 12, 2022, at 9:20 p.m., Singleton supplied Shaw the address for 17-year-old Victim 3. At 9:23 p.m., Shaw reported to Singleton, "I'm bout to go get her." At 9:47 p.m., Singleton told Shaw "15 mins." At 9:48:51 p.m., Shaw reported to Singleton that he is outside, saying, "Lettell her I'm outside." A few hours later, Singleton produced videos of child pornography with Victim 3, on February 13, 2022, at 1:56 a.m.

In an interview, Victim 3 told investigators Singleton had "Gonzo," pick her up from her home, and bring her to the tattoo shop. Victim 3 stated that "Gonzo" was there, and that Singleton

8

would just tell him what to do, if he had to go somewhere and pick somebody up. She stated that "Gonzo" kind of does everything for Singleton.[5]

A two-level enhancement under Section 3B1.1(c) is warranted under these facts. *See United States v. Harris*, 291 Fed.Appx. 300, 302-03 (11th Cir. 2008) (finding in a criminal prosecution for child pornography production that a defendant's base offense level was properly enhanced for his role as an organizer under section 3B1.1(c), where the defendant had videotaped his co-defendant engaged in sex acts with minor boys).

**D.    Multiple count adjustment based on Section 3D1.4.**

Given that the United States agrees a two-level enhancement for being an organizer, leader, manager, or supervisor in the criminal activity charged in Count Two of the Third Superseding Indictment is not warranted, the total number of units under Section 3D1.4 should be 1.5 and not 2.0. As a result, Singleton's offense level should only be increased by one level, as opposed to two levels, resulting in a Combined Adjusted Offense Level of 45.[6]

**E.    Singleton's adjusted guideline range is 1,440 months' imprisonment.**

According to the PSI, Singleton has a Total Offense Level of 43 and criminal history category of I, which yields an advisory sentencing guideline range of life imprisonment. (PSI at ¶¶ 111, 119, 162.) The guideline range of life imprisonment, however, is higher than the highest applicable statutory maximum (30 years). To that end, Section 5G1.2 instructs courts to impose

---

[5] The United States anticipates that Singleton's sentencing hearing will last approximately 90 minutes, and involve testimony from one witness, Martin County Sheriff's Office ("MCSO) Detective Matthew Killough.

[6] In the event the Court sustains Singleton's objection to the two-level enhancement he received in Paragraph 96 of the PSI for being an organizer, leader, manager, or supervisor in the criminal activity charged in Count Five of the Third Superseding Indictment, his Combined Adjusted Offense Level would drop to 44, resulting in a Total Offense Level of 42 and advisory sentencing guideline range of 360 months to life imprisonment.

consecutive sentences on different counts of conviction to achieve a combined sentence equal to the total punishment when: (1) a defendant has been convicted of multiple counts; (2) at least one of those counts has a statutory maximum; and (3) the guideline sentence is higher than the highest statutory maximum. USSG § 5G1.2(d). When the defendant's guideline range is life, as here, a combined sentence equal to the total punishment is accomplished by imposing the statutory maximum sentence for each count of conviction, *to be served consecutively*. As a result, Singleton's adjusted guideline range is 1,440 months' imprisonment. *See, e.g., United States v. Alpizar*, 743 Fed.Appx. 928, 933 (11th Cir. 2018) ("With a total offense level of 43 and a criminal history category of I, Alpizar's guidelines sentence was life in prison. His guidelines range was adjusted, however, to 1,440 months, the statutory maximum of 20 years for each of the six counts, running consecutively) (citing USSG § 5G1.2(d)). To the extent Singleton claims the PSI should be revised to reflect that his adjusted guideline range is 1,440 months' imprisonment, the United States agrees.

**F.     Application of the mandatory $5,000 special assessment.**

The United States agrees the mandatory $5,000 special assessment set forth in 18 U.S.C. § 3014(a) does not apply if the defendant is found to be indigent by the Court. Nevertheless, when determining whether a defendant is indigent pursuant to Section 3014(a), a court may consider both the resources available to the defendant at the time of sentencing, *and the defendant's future earning potential*. Indeed, the defendant's obligation to pay the $5,000 special assessment continues for 20 years after entry of judgment or release from prison, *whichever is later*. 18 U.S.C. §§ 3014(g), 3613(b). This long payment period "underscores that a district court must impose the assessment unless it finds the defendant could not pay it today—or at any point for the next twenty years." *United States v. Graves*, 908 F.3d 137, 141 (5th Cir. 2018); *accord United States v.*

*Rosario*, 7 F. 4th 65, 70-71 (2d Cir. 2021); *United States v. Shepherd*, 922 F.3d 753, 758 (6th Cir. 2019). "[I]t would make little sense for the district court to consider only the defendant's financial condition at the time of sentencing" because "[t]hat snapshot in time may not accurately represent the defendant's condition five, ten, or twenty years after sentencing." *Shepherd*, 922 F.3d at 758.

The United States submits the Court should assess Singleton's ability to the pay the mandatory special assessment set forth in 18 U.S.C. § 3014(a) based on his future earning potential after he is released from prison.

## CONCLUSION

Based on the foregoing, the United States respectfully submits Singleton's Total Offense Level is properly calculated as 43, resulting in an advisory sentencing guideline range of life imprisonment, and an adjusted guideline range of 1,440 months' imprisonment. The United States further request the Court to impose a total sentence in *United States v. Dustin Singleton*, 22-cr-14054-AMC and *United States v. Dustin Singleton*, 22-cr-14048-AMC, consistent with the parties' joint recommendations in the plea agreements.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: **/s/Michael D. Porter**
Michael D. Porter
Assistant United States Attorney
Florida Bar# 0031149
101 South U.S. Highway 1
Suite 3100
Fort Pierce, Florida 34950
Telephone: (772) 293-0950
Email:michael.porter2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by either regular U.S. mail or inter-office delivery.

/s/**Michael D. Porter**
Michael D. Porter
Assistant United States Attorney